UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRENE STAWARZ,

    Plaintiff,

v.                                Case No. 8:16-cv-1954-T-33JSS

MODLIN AND ASSOCIATES,
P.A., et al.,

    Defendants.
_____/

**<u>ORDER</u>**

This matter is before the Court sua sponte. Pro se Plaintiff Irene Stawarz filed this action against the Defendants Modlin and Associates, P.A. and Scott E. Modlin on July 6, 2016. (Doc. # 1). On August 2, 2016, the Court issued an Order (Doc. # 6) instructing Stawarz to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure, and to file a proof of service document once service upon the Defendants had been accomplished in accordance with that Rule. Furthermore, the Order directed Stawarz to provide a status report of her efforts to serve Defendants. Stawarz filed a Response to the Order (Doc. # 7) on August 8, 2016, in which she stated that

> A copy of lawsuit and two copies of each summons were sent to Defendants using Courtesy Process Servers of Broward County and was mailed certified and received by them on July 10, 2016.

1

(Id. at 2). Regarding proof of service, Stawarz stated that she "will mail [it] to the court once summons is returned by process server." (Id. at 1). The Court now takes this opportunity to reemphasize to Stawarz the specific requirements for effecting and proving service on the Defendants.

In every civil case, "a summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). The methods for serving an individual within a judicial district of the United States are detailed in Rule 4(e), and the requirements for service on a corporation, partnership, or association are outlined in Rule 4(h). Under Rule 4(h)(1), a corporation, partnership, or association within a judicial district of the United States may be served in the same manner outlined for serving individuals in Rule 4(e)(1) or

> By delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(b). Thus, unless Defendants waived service of a summons in a waiver prepared in accordance with Rule 4(d)(1), service on Defendants by certified mail is invalid.

2

Additionally, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). The deadline for Stawarz to accomplish service is **October 4, 2016,** which is 90 days from the date she filed the Complaint. See Fed. R. Civ. P. 4(m).

Once service on Defendants has been completed, Stawarz is required to file the proof of service with the Court in accordance with Rule 4(l), Fed. R. Civ. P. That Rule states the following,

> Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

Fed. R. Civ. P. 4(l)(1). Therefore, service by a process server must be proved to the Court by the server's affidavit. As service by certified mail is invalid, an affidavit by a process server stating that the Complaint and Summons were sent to Defendants by certified mail will not be acceptable proof of service.

If Stawarz is interested in maintaining the present action, she must become familiar with the Federal Rules of Civil Procedure, along with the Local Rules of the Middle District of Florida.

Accordingly, it is

3

**ORDERED, ADJUDGED,** and **DECREED:**

Stawarz is instructed to comply with Rule 4(l), Fed. R. Civ. P., and to file the appropriate proof of service document once service upon the Defendants has been accomplished.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of August, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE